UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 17-0301 JST |
| Plaintiff, | ) |
| v. | ) **[~~PROPOSED~~] ORDER OF DETENTION [AS MODIFIED]** |
| MARCOS ANTHONY HATCH, | ) |
| Defendant. | ) |

On June 12, 2018, the parties appeared for a bail review and hearing on the government's motion to remand defendant pending sentencing (ECF 71). Based on the Alameda County Sheriff's Office incident report proffered by the government (ECF 71-1), the Court found that there was probable cause to believe that defendant Hatch had committed new criminal conduct while on release pending sentencing. In particular, there was evidence that defendant was involved in an automobile burglary which occurred around 4:30 a.m. on May 4, 2018. Deputies recovered the reporting victim's key fob from defendant's person. Moreover, defendant was found in the vicinity of a duffel bag containing, among other things, a loaded Glock handgun and a kilogram of marijuana. Defendant's conduct on May 4, 2018 violated the standard condition of release that he not commit any federal, state, or local crime.

Having found a violation, the Court must reconsider defendant's release status. There is a presumption in favor of detention pending sentence. *See* 18 U.S.C. § 3143(a). After a defendant has pled guilty, it is generally his burden to show by clear and convincing evidence that he "is not likely to

ORDER RE DETENTION
CR 17-0301 JST (KAW)                              1

flee or pose a danger to the safety of any other person or the community…" *Id*.

On the record before it, the Court finds that defendant has not carried his burden. No condition or combination of conditions can reasonably assure the safety of the community. Hatch's conduct in the underlying case involved a Glock firearm, marijuana, and codeine cough syrup. So, too, the incident on May 4, 2018, involved a Glock firearm, marijuana, and codeine cough syrup, and Defendant had $5,000 in cash in his possession. Additionally, the May 4, 2018 incident involved a victim who expressed fear about retribution, further underscoring the danger defendant poses to the community.

The Court is concerned by the defendant's lack of judgment and apparent disregard for the Court's orders. Notably, during his change of plea hearing, Judge Tigar allowed him to remain out of custody after he plead guilty, admonished him about his obligation to continue to comply with the conditions of his release, and informed him that remaining out of custody, at that point, was a privilege. Defendant apparently stopped honoring the privilege, after the undersigned removed his electronic monitoring condition in late February.

At the hearing, Defendant requested that the court release him on electronic monitoring with lockdown conditions. While defendant previously performed well on electronic location monitoring, such monitoring is not a failsafe against additional criminal conduct. It is difficult, if not impossible, to monitor defendant's whereabouts 24 hours a day, and wearing an ankle bracelet does not preclude defendant from having contact with criminal associates or directing illicit activity from his residence. This is of particular concern given Defendant's decision to return to criminal activity a few months before his upcoming sentencing. In any event, because defendant will soon be sentenced to prison time, the arguments for his continued release are weaker than they were at the time of the initial detention hearing. As such, the court finds that Defendant has failed to rebut the presumption in favor of detention.

WHEREFORE, the Court orders defendant Marcos Anthony Hatch detained. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility. The defendant must be afforded a reasonable opportunity to consult privately with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a

court appearance.

IT IS SO ORDERED.

DATED: June 13, 2018

*Kandis Westmore*

HON. KANDIS A. WESTMORE
United States Magistrate Judge